COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                      SUPERIOR COURT DEPARTMENT
                                                   BROCKTON DIVISION
                                                   DOCKET NO:

MICHAEL GRANDE,　)
　　　Plaintiff,　　)
　　　　　　　　　　)
VS.　　　　　　　　)
　　　　　　　　　　)
WILLIAM R. HALL and )
JOAN BLACK,　　　　)
　　　Defendant.　　)

# COMPLAINT

## PARTIES

1. The Plaintiff, Michael Grande ("Grande"), is a natural person with a usual place of residence in Carver, Plymouth County, Massachusetts. Grande was previously known as Michael Milian, but legally changed his name in 2015.

2. The Defendant, William R. Hall ("Hall"), is a natural person with a usual place of residence in Biddeford, Maine.

3. The Defendant, Joan Black ("Black"), is a natural person with a usual place of residence in Biddeford, Maine.

## FACTS

4. Grande and Hall formed a partnership, along with Michael A. Vietro ("Vietro"), on October 1, 1997, for Corvette Mike – New England.

5. As terms of the partnership, Grande was to contribute $100.00, work full-time for Corvette Mike, and receive a salary of $1,300.00 per week; Hall was to invest $50,000.00 and share his business and technical expertise on a part-time basis; and Vietro was to invest

1

$50,000.00, allow unlimited use of the name "Corvette Mike", and assist with advertising and automobile business on a part-time basis.

6. The partnership agreement also provided that no partner shall lend or advance money to the partnership without prior approval of all partners. Any such loan shall not be regarded as an increase in the lending partner's capital or entitle such partner to any increased share of the partnership's profits.

7. On June 18, 1999, the partnership formed into Corvette Mike/New England, LLC ("Corvette Mike") with Grande, Hall, and Vietro as Managers.

8. On August 26, 2002, Vietro resigned as a Manager of Corvette Mike due to his differences with Hall. Hall was supposed to supply the line of credit for Corvette Mike, but failed to do so.

9. Mark Liddell ("Liddell") became a Manager of Corvette Mike in 2003.

10. On April 25, 2003, Grande, Hall, and Liddell formed Vett LLC ("Vett").

11. The purpose of Vett was, and continues to be, to own the real estate where Corvette Mike conducts its business, so that Vett is the landlord and Corvette Mike is the tenant.

12. In 2004, Liddell resigned as Manager of both, Corvette Mike and Vett, and Kramer became a Manager in both corporations.

13. In approximately January 2008, a revolving credit loan was given to Vett and Corvette Mike of $600,000.00 from Hall, Kramer, and Grande. The loan had an interest rate of 8.0% per annum.

14. On October 12, 2010, Kramer resigned as Manager of Vett and Corvette Mike.

15. In December 2013, Black made a loan to Corvette Mike for $100,000.00 with an interest rate of 7.0% per annum.

16. From January 2014 to January 2, 2019, Corvette Mike paid Black a total of $130,209.91, resulting in an overpayment of $8,274.28.

17. On or about December 1, 2016, a revolving credit note ("Revolving Credit Note") was entered for $600,000.00 with Hall and Black lending the money to Corvette Mike. The loan had an interest rate of 7.0% per annum.

18. The Revolving Credit Note provides for quarterly interest payments to the lender, but does not specify amounts payable to Hall and amounts payable to Black.

19. Corvette Mike routinely paid the interest payments to Hall; however, there were times when Hall requested the payments be delayed allegedly for tax purposes.

20. Since the formation of Corvette Mike, Grande worked full-time at Corvette Mike. He has worked, and continues to work, seven days per week. He conducts sales meetings with the employees, reviews inventory, attends auctions, networks with car dealerships, searches for inventory through websites, maintains the building, and manages the marketing for the business.

21. Hall filed the tax returns for the businesses for several years.

22. Upon information and belief, the proper tax forms, such as 1099's and K1's were not distributed or filed.

23. Since 1997, Grande's wife, Gail Grande ("Gail"), provided bookkeeping services to Corvette Mike and Vett. She has been responsible for completing the paperwork for each sale, financing contracts, insurance binders, accounts receivable, payroll, licenses, and business insurance. She also submitted the corporate filings until Hall declared that he would complete the corporate filings.

24. Gail has used QuickBooks as the financing program to balance the companies' bank statements and manage the profit and loss statements.

25. Even though Gail was responsible for issuing payments, Hall would routinely make journal entries into the financial books for Corvette Mike and Vett without any documents supporting the entries.

26. For example, on November 4, 2003, Hall converted a loan made by Corvette Mike to Vett in the amount of $21,000.00 to capital contribution made by Hall.

27. Hall would create loan accounts through journal entries, and then make payments to himself from the loans. On or about December 4, 2008, Hall wrote a payment of $20,000.00 to himself from such a loan.

28. Hall would routinely tell Gail to write checks payable to Black or Hall and tell her that it was for tax purposes.

29. There have been several payments made to Hall between 2008 and 2018 that were taken from a loan account without any explanation as to the basis for the payments.

30. Throughout the years, Hall came into the business office after Gail left and removed the companies' documents, such as lease agreements, tax returns, and invoices. To date, Hall is in possession of all of the corporate documents.

31. Hall would also go into the QuickBooks program and condense the information when Gail was not present. This resulted in transactions and information being deleted.

32. Even though Grande was supposed to be receiving performance bonuses through Corvette Mike based on 20% of the profit at the end of each year, Hall told Grande that it would be more beneficial for Grande to take the bonus through Vett. As a result, money from Corvette Mike was routinely transferred to Vett, so that it appeared that Vett had a surplus. This surplus was then divided equally between Grande and Hall.

33. On January 2, 2009, Hall made a journal entry showing a year-end payment to Grande that was supposed to be a performance bonus, but was reclassified to a loan account.

34. There were times when Grande received a bonus from Corvette Mike, but instead of it coming out of the proceeds at the end of the year, the bonus was taken out of Grande's equity by a journal entry made by Hall.

35. In 2014, Vett refinanced the mortgage on the property being leased by Corvette Mike and received payment of $492,973.75 from the refinancing. $400,000.00 was given to Corvette Mike to help with expenses. Hall and Grande each received a payment of $25,000.00. There is no record of the remaining $42,973.75.

36. In 2017, Vett sold the property where Corvette Mike was located and purchased property at a new location. The former location was sold for $1,800,000.00 with a payoff amount of $1,524,247.12. The new location was purchased for $830,000.00. $160,000.00 from the proceeds of the sale were invested in the purchase of the new location. There are no records regarding the remaining $115,752.90 from the sale proceeds.

37. The 2017 lease agreement between Vett and Corvette Mike provides for Corvette Mike to pay $7,500.00 per month; however, Corvette Mike has always paid Vett $10,000.00 per month.

38. Since 2015, Corvette Mike has paid an additional $208.53 per month to Vett.

39. The mortgage payment for the property owned by Vett is $3,610.91 per month.

40. In approximately March 2020, Hall wanted to lay off all of the employees and have him and Grande stop taking paychecks. However, Grande continued to maintain Corvette Mike as a service provider and ultimately brought in more than $7,000,000.00 in revenue.

41. Despite the fact that the Black loan of December 2013 was paid in full as of January 2, 2019, Hall requested that a payment of $100,000.00 be paid to Black in June 2020 to pay the Black loan in full.

42. In September 2020, Corvette Mike made a payment of $300,000.00 that was broken down into one payment to Black of $100,000.00 and one payment of $200,000.00 to Hall.

## COUNT I – FRAUD BY HALL

43. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 42 and incorporates same by reference herein.

44. Defendant Hall made false statements and misrepresentations to Plaintiff, as set out above, regarding his investments and loans to Corvette Mike and Vett.

45. Plaintiff reasonably relied to his detriment on Defendant Hall's false statements and misrepresentations. As the intended, direct and proximate result thereof, he suffered and continues to suffer harm for which Defendant Hall is liable.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

## COUNT II – FRAUD BY BLACK

46. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 45 and incorporates same by reference herein.

47. Defendant Black made false statements and misrepresentations to Plaintiff, as set out above, regarding her investments and loans to Corvette Mike and Vett.

48. Plaintiff reasonably relied to his detriment on Defendant Black's false statements and misrepresentations. As the intended, direct and proximate result thereof, he suffered and continues to suffer harm for which Defendant Black is liable.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, Joan Black, together with interest and costs of this action.

## COUNT III - BREACH OF CONTRACT BY HALL

49. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 48 and incorporates same by reference herein.

50. On or about October 1, 1997, the Parties entered into a partnership agreement to for the formation of Corvette Mike – New England.

51. On or about June 18, 1999, the Parties formed Corvette Mike/New England, LLC.

52. On or about April 25, 2003, the Parties formed Vett LLC.

53. Defendant Hall breached the partnership agreement and the terms of the corporations by falsifying the financial records of both Corvette Mike and Vett resulting in Hall receiving monies that should have been paid to Plaintiff.

54. Plaintiff has been harmed as a result of Defendant's breach of contract in an amount to be determined at trial.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

## COUNT IV – BREACH OF FIDUCIARY DUTY BY HALL

55. The Plaintiff restates and realleges the averments contained in Paragraphs 1 through 54 and incorporates same by reference herein.

56. On or about October 1, 1997, the Parties entered into a partnership agreement to for the formation of Corvette Mike – New England.

57. On or about June 18, 1999, the Parties formed Corvette Mike/New England, LLC.

58. On or about April 25, 2003, the Parties formed Vett LLC.

59. As equal partners and/or shareholders in Corvette Mike and Vett, Defendant Hall owed a fiduciary duty to Plaintiff.

60. Defendant Hall intentionally falsified financial records of Corvette Mike and Vett, resulting in him receiving monies that should have been paid to Plaintiff or retained by the corporations.

61. As a result of Hall's deceptive actions, Plaintiff has been harmed in an amount to be determined at trial.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

## COUNT V – CONVERSION BY HALL

62. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 61 and incorporates same by reference herein.

63. Defendant Hall intentionally and/or wrongfully falsified the financial records, as set out above, regarding his investments and loans to Corvette Mike and Vett.

64. As a result of the falsified financial records, Defendant Hall obtained payments of monies that were not lawfully his.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

## COUNT VI – CONVERSION BY BLACK

65. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 64 and incorporates same by reference herein.

66. Defendant Black intentionally and/or wrongfully falsified financial records, as set out above, regarding her investments and loans to Corvette Mike and Vett.

67. As a result of the falsified financial records, Defendant Black obtained payments of monies that were not lawfully hers.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, Joan Black, together with interest and costs of this action.

## COUNT VII – CIVIL CONSPIRACY BY HALL

68. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 67 and incorporates same by reference herein.

69. Defendant Hall, with the assistance of Defendant Black, intentionally falsified the financial records regarding his investments and loans to Corvette Mike and Vett in an effort to unlawfully receive payments.

70. As a result of the Defendants' actions, they did in fact unlawfully receive payments of $372,922.91 that should have been payable to Plaintiff.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

## COUNT VIII – CIVIL CONSPIRACY BY BLACK

71. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 70 and incorporates same by reference herein.

72. Defendant Black, with the assistance of Defendant Hall, intentionally falsified the financial records regarding her investments and loans to Corvette Mike and Vett in an effort to unlawfully receive payments.

73. As a result of the Defendants' actions, they did in fact unlawfully receive payments of $372,922.91 that should have been payable to Plaintiff.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, Joan Black, together with interest and costs of this action.

### COUNT IX – UNJUST ENRICHMENT BY HALL

74. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 73 and incorporates same by reference herein.

75. Hall has been unjustly enriched by receiving the payments from Corvette Mike and Vett that were not lawfully his.

76. Payments received by Hall should have been paid to Plaintiff and/or retained by the corporations.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, William R. Hall, together with interest and costs of this action.

### COUNT X – UNJUST ENRICHMENT BY BLACK

77. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 76 and incorporates same by reference herein.

78. Black has been unjustly enriched by receiving the payments from Corvette Mike and Vett that were not lawfully hers.

79. Payments received by Black should have been paid to Plaintiff and/or retained by the corporations.

WHEREFORE, the Plaintiff, Michael Grande, demands judgment against the Defendant, Joan Black, together with interest and costs of this action.

        Michael Grande,
        By His Attorneys,

        /s/ David Reservitz
        David Reservitz, Esq.
        BBO#: 635767
        dave@rmlawma.com
        Stacey Klein Verde, Esq.
        B.B.O. # 662917
        stacey@rmlawma.com
        Reservitz McCluskey, P.C.
        1325 Belmont Street
        Brockton, MA  02301
        (508)588-5010

Dated: February 9, 2021

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                             SUPERIOR COURT DEPARTMENT
                                                          BROCKTON DIVISION
                                                          DOCKET NO:

MICHAEL GRANDE,                )
    Plaintiff,                 )
                               )
VS.                            )
                               )
WILLIAM R. HALL and            )
JOAN BLACK,                    )
    Defendant.                 )

## JURY CLAIM

The Plaintiff hereby claims a trial by jury.

                                                      Michael Grande,
                                                      By His Attorneys,

                                                      David Reservitz, Esq.
                                                      BBO#: 635767
                                                      dave@rmlawma.com
                                                      Stacey Klein Verde, Esq.
                                                      B.B.O. # 662917
                                                      stacey@rmlawma.com
                                                      Reservitz McCluskey
                                                      1325 Belmont Street
                                                      Brockton, MA  02301
                                                      (508)588-5010

Dated: February 9, 2021